UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:05-CR-19 |
| ) | (VARLAN/SHIRLEY) |
| MICHAEL T. SHADDEN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on Defendant's Motion for Resentencing Pursuant to 18 U.S.C. § 3582(c) and Memorandum of Law in Support [Doc. 35]. In the motion, the defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2), which permits the Court to reduce a defendant's sentence if the sentencing range has been lowered since the defendant was initially sentenced. Specifically, the defendant requests that the Court give him the benefit of the retroactive amendments to the United States Sentencing Guidelines, which, the defendant argues, serve to reduce his base offense level from the level determined when the defendant was initially sentenced. The United States Probation Office has issued a Memorandum Regarding Retroactivity recommending that the retroactive amendments would have no effect on the defendant's sentence. The United States has filed a Notice of No Objection to Memorandum Regarding Retroactivity [Doc. 37], stating that the government has no objection to the recommendation of the Memorandum Regarding Retroactivity. The defendant's motion is ripe for determination.

## I. Legal Background

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Modification is permitted by 18 U.S.C. § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Through Amendment 706 to the Sentencing Guidelines, effective November 1, 2007, the Sentencing Commission lowered the sentencing ranges for most cocaine base offenses by two offense levels in an effort to correct the disparity in sentences between defendants punished for cocaine base offenses and defendants punished for other drug offenses, including cocaine powder offenses. *See* U.S.S.G. § 2D1.1. On December 11, 2007, the Commission made the amended guideline range retroactive,[1] effective March 3, 2008. *See* U.S.S.G. § 1B1.10. Accordingly, the Court has discretion under 18 U.S.C. § 3582(c)(2) to reduce a defendant's sentence for a cocaine base offense, after considering the 18 U.S.C. §

---

[1] The Commission has included Amendment 706, as amended by Amendment 711, among the amendments which can be retroactively applied. U.S.S.G. § 1B1.10(c). *See* U.S. Sentencing Guidelines Manual app. C., amend. 713 (2008).

3553 factors, if the reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission has issued a general policy statement regarding reduction of sentences as a result of the amendments to certain guideline ranges, including the ranges for most cocaine base offenses. U.S.S.G. § 1B1.10. The policy statement addresses a court's discretion in reducing a defendant's sentence:

> (A) In General—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
>
> (B) Exception—If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.
>
> (C) Prohibition—In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

U.S.S.G. § 1B1.10 (b)(2). In addition to these limits, the Sentencing Commission states that a court must consider the 18 U.S.C. § 3553 factors and the danger to the public created by any reduction in a defendant's sentence, and a court may also consider a defendant's post-sentencing conduct. *Id.* at cmt. n.1(B).

3

**II.     Analysis**

The defendant was convicted of possession with intent to distribute cocaine base, a violation of 21 U.S.C. § 841(a)(1) [Doc. 25].[2] At the time of defendant's initial sentencing, his base offense level was calculated according to U.S.S.G. § 2D1.1(c)(11). Based on the defendant's conviction and the amount of cocaine hydrochloride attributed to him, the defendant's base offense level was 18. At the initial sentencing, the defendant was also found to be a Career Offender within the meaning of U.S.S.G. § 4B1.1(a). This finding resulted in a base offense level of 34 rather than the lower level of 18. The defendant received a three-level reduction for acceptance of responsibility, resulting in a total offense level of 31. A total offense level of 31, combined with the defendant's criminal history category of VI, resulted in a guideline range for imprisonment of 188 to 235 months. The Court granted the government's motion for a downward departure pursuant to U.S.S.G. § 5K1.1 and imposed a sentence of 144 months imprisonment. The Court also granted the government's subsequent Federal Rule of Criminal Procedure 35 motion. *See* Fed. R. Crim. P. 35. Accordingly, the defendant's resulting sentence was a term of imprisonment of 108 months, a 54% reduction from the top of the defendant's original guideline range [*see* Doc. 33].

The defendant now requests, pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, that the Court give him the benefit of the retroactive cocaine base amendments and

---

[2]At the time of sentencing, the Court held the defendant accountable for 6.4 grams of cocaine hydrochloride and 1.7 grams of cocaine base, or 35.28 kilograms of marijuana equivalent.

4

apply such amendments to his original base level offense, submitting to the Court that such an application would result in a base offense level of 16, instead of 18. The defendant also states that the Court may reduce his sentence pursuant to 18 U.S.C. § 3582(c), despite the defendant's previous sentencing under the Career Offender provisions of the guidelines, due to the disparity between the defendant's un-enhanced, unamended guidelines range and his original, Career Offender-enhanced sentence. Accordingly, the defendant requests that the Court resentence him according to an amended guideline range of 77 to 96 months and impose a sentence of 86 months imprisonment, the mid-range point of the amended guideline range. The defendant has also filed six (6) documents indicating to the Court that the defendant has sought out drug education and vocational training while incarcerated.[3]

In support of his request, the defendant argues that the Career Offender provisions of the guidelines should not have applied to him at his initial sentencing because his status as a Career Offender was based, at least in part, on his prior convictions as a low-level drug dealer and because the Career Offender guidelines were not developed according to empirical research. As support for this argument, the defendant points towards a report issued by the Sentencing Commission noting that low-level drug dealers sentenced as Career Offenders had rates of recidivism closely similar to those of drug trafficking defendants sentenced

---

[3]The Court notes that the defendant has earned his GED while in the custody of the Bureau of Prisons. The defendant has also attended a number of vocational and educational classes and been rated "outstanding" in his job performance with the heating and air conditioning detail. The defendant has also successfully completed a drug education course.

5

without the Career Offender enhancement.[4] Thus, the defendant argues, the Career Offender provisions do not serve the goals of sentencing articulated in 18 U.S.C. § 3553(a).

Under 18 U.S.C. § 3582(c)(2), a reduction in sentence may be appropriate "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The guidelines have clarified that:

> [A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision.

U.S.S.G. § 1B1.10 cmt. n.1(A)(ii).

In the present case, the defendant was sentenced as a Career Offender under U.S.S.G. § 4B1.1, so he was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission through the retroactive application of amendments to the guidelines. Though the defendant contends that he is entitled to a recalculation of his initial guideline range, prior to any other consideration regarding the Career Offender enhancements, the "Application Notes" for U.S.S.G. § 1B1.10 first provide for determining whether there is even eligibility for consideration under 18 U.S.C. § 3582(c)(2). As discussed above, the defendant was sentenced as a Career Offender,

---

[4]*See* United States Sentencing Commission, *Fifteen Years of Guidelines Sentencing: An Assessment of How Well the Federal Criminal Justice System is Achieving the Goals of Sentencing Reform* at 134 (2004), *available at* http://www.ussc.gov/15-year/15year.htm.

so the amendment to U.S.S.G. § 2D1.1 would "not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline . . . provision." U.S.S.G. § 1B1.10 cmt. n.1(A)(ii). In other words, the defendant is ineligible for consideration under 18 U.S.C. § 3582(c)(2) because he was sentenced pursuant to U.S.S.G. § 4B1.1, not U.S.S.G. § 2D1.1. *See United States v. Perdue*, 572 F.3d 288, 293 (6th Cir. 2009) (determining that a defendant convicted of a crack cocaine offense whose sentencing range was based on the Career Offender portion of the guidelines was ineligible for consideration of a sentence reduction under § 3582(c) because "Amendment 706 has no effect on the ultimate sentencing range"); *see also United States v. Ra*, No. 08-4527, 2009 WL 2885274 (6th Cir. Dec. 17, 2009). Furthermore, the Court is unpersuaded by the defendant's argument, and the report cited by the defendant, that the defendant's initial sentence, including the application of the Career Offender enhancement, did not further the sentencing objectives of 18 U.S.C. § 3553.

Thus, in light of the inapplicability of 18 U.S.C. § 3582(c)(2), and because the defendant's base offense level under U.S.S.G. § 4B1.1(a) is 34 and not 16, as it would be if the defendant had not been subject to the Career Offender enhancement, the defendant's total offense level remains 31 after the three-level reduction for acceptance of responsibility. Based on a total offense level of 31, and a criminal history category of VI, the defendant's

guideline range for imprisonment remains 188 to 235 months.[5] Accordingly, the defendant's motion [Doc. 35] will be denied and the defendant will not be resentenced.

### III. Conclusion

Accordingly, the Defendant's Motion for Resentencing Pursuant to 18 U.S.C. § 3582(c) and Memorandum of Law in Support [Doc. 35] is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE

---

[5] Following a § 5K1.1 motion by the government and the government's motion pursuant to Federal Rule of Criminal Procedure 35, the Court reduced the defendant's sentence to 108 months imprisonment.